RECEIVED
MAY 23 2025
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**JOSHUA HARRIS**
**Plaintiff,**

3:25-cv-158-MPM-JMV

**v.**

CASE # TBD

**PINNACLE BANK**
**Defendant,**

## CIVIL COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

### INTRODUCTION

1. Plaintiff brings this action against Defendant Pinnacle Bank for violations of the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.** Defendant furnished inaccurate, inconsistent, and incomplete information about Plaintiff's credit account to the three major Consumer Reporting Agencies like Equifax, Experian, and TransUnion and failed to conduct a reasonable investigation after Plaintiff disputed the inaccuracies.

2. As a direct result of Defendant's actions and omissions, a **Default Judgment** was entered against Plaintiff based on inaccurate and inconsistent reporting of the Pinnacle Bank account. This Default Judgment caused Plaintiff significant financial harm, emotional distress, and reputational damage.

3. Plaintiff seeks actual, statutory, and punitive damages, as well as injunctive relief, attorney's fees, and costs under the FCRA.

### JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to **28 U.S.C. § 1331**, as this action arises under the laws of the United States, specifically the **Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq.**, which provides for private rights of action under **15 U.S.C. §§ 1681n and 1681o** for willful and negligent noncompliance with the FCRA.

5. Venue is proper under **28 U.S.C. § 1391(b)** because Plaintiff resides in Southaven, Mississippi, in DeSoto County; Defendant conducts business in Mississippi; and the events giving rise to this claim, including Defendant's furnishing of inaccurate and inconsistent credit information, occurred in Mississippi.

### PARTIES

6. Plaintiff, **Harris**, is a natural person, a consumer as defined and pursuant to **15 U.S.C. § 1681a(c)**, and resides at 3341 Marcia Louise Drive, Southaven, Mississippi, in DeSoto County.

7. Defendant, **Pinnacle Bank**, is a banking institution with its principal place of business at 150 3rd Avenue South, Suite 900, Nashville, Tennessee, 37201. Defendant is registered to do business in Mississippi, and its registered agent is **National Registered Agents Inc.**, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232.

## ARTICLE III STANDING

8. Plaintiff has standing to bring this action under **Article III of the United States Constitution** because Plaintiff has suffered an injury-in-fact that is concrete, particularized, and actual or imminent; the injury is fairly traceable to Defendant's conduct; and the injury is redressable by this Court.

### A. Injury-In-Fact

9. Plaintiff has suffered concrete and particularized harm due to Defendant's violations of the FCRA, including:

   - The inaccurate and inconsistent reporting of Plaintiff's Pinnacle Bank account to Equifax, Experian, and TransUnion.
   - Defendant's failure to perform a reasonable investigation or correct inaccuracies after Plaintiff's disputes.
   - Financial harm resulting from a reduced credit score, credit denials, less favorable credit terms, and the entry of a **Default Judgment** against Plaintiff, which was based on Defendant's inaccurate reporting.
   - Emotional distress, anxiety, and frustration caused by Defendant's failure to ensure accurate reporting and its neglect in addressing Plaintiff's disputes.

### B. Causation

10. Plaintiff's injuries are fairly traceable to Defendant's conduct. Defendant, as the furnisher of the information at issue, is responsible under the FCRA for ensuring that the information it provides to Consumer Reporting Agencies is accurate, complete, and consistent.

11. Defendant's failure to meet its obligations under the FCRA caused the dissemination of inaccurate and conflicting information about Plaintiff's Pinnacle Bank account, resulting in Plaintiff's financial and emotional harm, including the entry of a **Default Judgment** based on inaccurate credit reporting.

### C. Redressability

12. Plaintiff's injuries are redressable by this Court. Under the FCRA, Plaintiff is entitled to:

    - Actual damages for financial harm and emotional distress caused by Defendant's violations.
    - Statutory damages for Defendant's failure to comply with its obligations under the FCRA.
    - Punitive damages for Defendant's willful violations of the FCRA.
    - Fees and Costs.

13. A favorable decision from this Court awarding damages and requiring Defendant to correct its reporting practices will redress the harm suffered by Plaintiff.

## FACTUAL ALLEGATIONS

### A. Background of the Account

14. Plaintiff opened a credit card account with Defendant Pinnacle Bank on or around **September 22, 2022**, with an account number ending in **9706** (as reported by Equifax), **202212XXXXX** (as reported by Experian), and **2022121****** (as reported by TransUnion).

15. The account had a credit limit of **$15,000.00** and, as of July 2024, was reported to have a balance of **$14,998.00** by all three credit reporting agencies (CRAs), Equifax, Experian, and TransUnion.

16. On or around **July of 2024**, Plaintiff identified multiple inaccuracies and discrepancies in the reporting of this account by the CRAs. Plaintiff subsequently submitted formal disputes to Equifax, Experian, and TransUnion via mail, pursuant to **15 U.S.C. § 1681i**. Despite receiving notice of these disputes, Defendant Pinnacle Bank failed to conduct a reasonable investigation or correct the inaccuracies, resulting in the continued reporting of false, inconsistent, and misleading information about Plaintiff's account.

### B. Discrepancies in Reporting Among the CRA's

17. **Equifax after dispute** revised **first date delinquencies inconsistently updating May 21, 2023, from May 1st. ".

18. Defendant Pinnacle Bank furnished inconsistent and inaccurate information about the account to Equifax, Experian, and TransUnion. The discrepancies and inaccuracies include, but are not limited to, the following:

#### 1. Account Number

19. The account number was reported inconsistently across the three CRAs:

   - Equifax reported the account number ending in **9706**.
   - Experian reported the account number as **202212XXXXX**.
   - TransUnion reported the account number as **2022121******.

#### 2. Account Status

20. The account status was reported inconsistently:

   - Equifax and TransUnion reported the account as **Charged Off**.
   - Experian reported the account as **Closed**.

#### 3. Date of First Delinquency

21. The Date of First Delinquency was inconsistently reported by Equifax:

   - Before Plaintiff's Dispute: Equifax reported the Date of First Delinquency as May 1, 2023.
   - After Plaintiff's Dispute: Equifax revised the Date of First Delinquency to May 21, 2023, without explanation or justification for the discrepancy.
   - Neither Experian nor TransUnion explicitly reported the Date of First Delinquency.

### 4. Date Closed

22. The **Date Closed** was reported as follows:

    - Experian and TransUnion both reported the account as **closed on July 25, 2024.**
    - Equifax failed to report any **Date Closed.**

### 5. Payment History and Delinquency Progression

23. Defendant reported inconsistent and conflicting delinquency progressions across the CRAs:

- **Equifax:**
    - "On Time Payments" were reported for **October 2022 to April 2023.**
    - The account was reported as **60 days late in May 2023**, skipping the **30 days late** status entirely.
    - The account was reported as **90 days late in June 2023.**
    - By **July 2023**, Equifax reported the account as **120 days late**, a status not reflected in the reports of Experian or TransUnion.
    - From **August 2023 onward**, Equifax reported the account as **Charged Off.**

- **Experian:**
    - "On Time Payments" were reported for **September 2022 to May 2023.**
    - The account was reported as **30 days late in June 2023.**
    - The account was reported as **60 days late in July 2023.**
    - The account was reported as **90 days late in August 2023.**
    - From **September 2023 onward**, Experian reported the account as **Charged Off.**

- **TransUnion:**
    - "On Time Payments" were reported for **October 2022 to May 2023.**
    - The account was reported as **30 days late in June 2023.**
    - The account was reported as **60 days late in July 2023.**
    - The account was reported as **90 days late in August 2023.**
    - From **September 2023 through March 2025**, TransUnion reported the account as **Charged Off**, an unusually extended reporting period compared to Equifax and Experian.

### 6. Date of Last Payment

24. Only Experian and TransUnion reported the **Date of Last Payment** as **May 2, 2023**, while Equifax did not report this information.

### 7. Charged Off Timeline

25. The timeline for when the account was reported as **Charged Off** varied significantly:
    - Equifax reported the account as **Charged Off starting in August 2023.**
    - Experian reported the account as **Charged Off starting in September 2023.**
    - TransUnion reported the account as **Charged Off starting in September 2023 and continuing through March 2025**, an excessively long reporting period compared to Equifax and Experian.

### 8. Estimated Removal Date

26. Only TransUnion reported an **Estimated Removal Date** of **April 2030**, while Equifax and Experian did not provide this information.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681s-2(b) – FAILURE TO CONDUCT A REASONABLE INVESTIGATION

27. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

28. Pursuant to 15 U.S.C. § 1681s-2(b), upon receiving notice of a consumer dispute from a CRA, Defendant was required to:

    - Conduct a reasonable investigation regarding the disputed information.
    - Review all relevant information provided by the CRAs.
    - Accurately report the results of the investigation to the CRAs.
    - Modify, delete, or permanently block inaccurate or incomplete information, if necessary, based on the investigation.

29. Defendant failed to conduct a reasonable investigation after Plaintiff disputed the inaccurate and inconsistent reporting of the account, resulting in continued inaccurate reporting and the entry of a Default Judgment against Plaintiff.

30. Defendants' violations caused Plaintiff to suffer financial harm, emotional distress, and reputational damage.

31. Defendant's conduct was willful, entitling Plaintiff to statutory damages under 15 U.S.C. § 1681n, as well as actual damages, punitive damages, and any legal fees. Alternatively, Defendant's violations were negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681o.

### COUNT II
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681s-2(a)(1) – FURNISHING INACCURATE INFORMATION

32. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.
33. The Defendant furnished inaccurate and misleading information about Plaintiff's account to the CRAs, including:

    - Conflicting payment histories and delinquency dates.
    - Inconsistent reporting of the "Charged Off" status and account closure details.

34. The inaccurate information furnished by Defendant contributed to the entry of a **Default Judgment** against Plaintiff, causing significant harm.

35. The Defendant's actions were willful and negligent, entitling Plaintiff to damages as provided under the FCRA.

### COUNT III

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681I – FAILURE TO ENSURE ACCURACY AND COMPLETENESS

36. Plaintiff Incorporates by reference all preceding paragraphs as though fully set forth herein.

37. Defendant failed to ensure the accuracy and completeness of the information furnished to the CRAs, which resulted in continued inaccuracies even after Plaintiff's disputes.

38. As a result, Plaintiff suffered financial harm, emotional distress, reputational damage, and the entry of a **Default Judgment**.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant Pinnacle Bank, and award the following relief:

### I. Actual Damages
1. An award of actual damages pursuant to **15 U.S.C. § 1681n(a)(1)(A)** and **15 U.S.C. § 1681o(a)(1)**, to compensate Plaintiff for:
    - Financial harm, including but not limited to:
        - Reduced creditworthiness, denial of credit, and/or less favorable credit terms resulting from Defendant's inaccurate reporting.
        - The entry of a **Default Judgment** against Plaintiff related to this account, which was based on inaccurate and inconsistent reporting by Defendant and caused significant financial and credit reputation harm.
    - Emotional distress, including anxiety, frustration, and mental anguish caused by Defendant's violations of the FCRA and its failure to correct inaccuracies after receiving Plaintiff's disputes.
    - Reputational damage caused by the dissemination of false and misleading information about Plaintiff's creditworthiness.

### II. Statutory Damages
2. An award of statutory damages pursuant to **15 U.S.C. § 1681n(a)(1)(A)**, in an amount up to $1,000 per violation of the FCRA, as a result of Defendant's willful failure to comply with its obligations under the FCRA.

### III. Punitive Damages
3. An award of punitive damages pursuant to **15 U.S.C. § 1681n(a)(2)**, to punish Defendant for its willful violations of the FCRA and to deter Defendant and other furnishers of information from engaging in similar unlawful conduct in the future.

### IV. Attorneys' Fees and Costs
4. An award of reasonable attorneys' fees and costs incurred in this action pursuant to **15 U.S.C. § 1681n(a)(3)** and **15 U.S.C. § 1681o(a)(2)**.

### V. Injunctive and Equitable Relief
5. An order directing Defendant to:
    - Conduct a reasonable investigation into Plaintiff's disputes regarding the Pinnacle Bank account, in compliance with **15 U.S.C. § 1681s-2(b)**.
    - Correct any inaccurate, incomplete, and inconsistent information furnished to Equifax, Experian, and TransUnion regarding Plaintiff's Pinnacle Bank account.
    - Ensure that all future information furnished to the CRAs is accurate, complete, and consistent, in compliance with the FCRA.

## VI. Other Relief
6. Such other and further relief as the Court deems just, equitable, and proper under the circumstances.

Respectfully submitted,

Joshua Harris
Plaintiff-Pro Se
May 18, 2025

*Joshua Harris*
3341 Marcia Louise Drive
Southaven, MS 38672