**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

| | |
|---|---|
| **JOSHUA HARRIS** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 3:25CV157-DMB-RP** |
| | **LEAD CASE** |
| **PINNACLE BANK** | **DEFENDANT** |

CONSOLIDATED WITH

| | |
|---|---|
| **JOSHUA HARRIS** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO.: 3:25CV158-MPM-JMV** |
| **PINNACLE BANK** | **DEFENDANT** |

## ORDER STAYING CASE

This day the court conducted a hearing on its order [ECF 43] requiring the pro se plaintiff Joshua Harris to appear and show cause as to why the court should not impose sanctions against him for citing fictitious legal authority to the court and for doing so again after being made aware that he had done so previously.   During the hearing, the plaintiff confirmed under oath the following facts:

On October 29, 2025, the plaintiff filed a document [ECF 28] citing fictitious legal authority to the court.   The next day, October 30, 2025, the plaintiff was made aware by defense counsel in an email that the subject document filed by the plaintiff contained fictitious legal citations.   Defense counsel requested that the plaintiff notify the court of the fictitious legal citations, but the plaintiff did not do so.   Defense counsel thereafter notified the court of the fictitious legal citations via a motion to strike, after which the court entered an order requiring the plaintiff to appear and show cause as to why he should not be sanctioned.   ECF 35.   Only after receiving the show cause order did the plaintiff file a notice of withdrawal of the document

containing the fictitious legal citations.   ECF 37.   Nonetheless, the plaintiff thereafter submitted a motion to the court containing fictitious legal citations.   ECF 40.[1]      The plaintiff made no mention of this document during the show cause hearing.   Thereafter, defense counsel sent an email to the plaintiff requesting that he alert the court that he had again submitted fictitious legal authority to the court and that he withdraw the motion.   ECF 46-1 at 19.   The plaintiff refused to do so.

The defendant Pinnacle Bank has filed a motion to dismiss this action and for sanctions due to the plaintiff's repeated submissions to the court of documents containing fictitious legal citations.   ECF 46.   As stated from the bench at the second show cause hearing this day, the undersigned finds it is appropriate to stay this case pending the court's ruling on the defendant's motion.

Therefore, all discovery and the remaining scheduling deadlines established in the case management order are hereby STAYED pending the court's ruling on the defendant's motion to dismiss and for sanctions.   This order does not affect the plaintiff's responsibility to respond to the defendant's motion to dismiss and for sanctions.   The parties are directed to notify the undersigned within seven days after a ruling on the motion to dismiss and for sanctions.

SO ORDERED, this, the 23rd day of December, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE

---

1 That document, although shipped to the court via FedEx prior to the show cause hearing, was not received by the clerk of court and docketed until after the show cause hearing.